*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHANTEL HENRY,

        Plaintiff-Appellant,

v

FALLS LAKE NATIONAL INSURANCE
COMPANY,

        Defendant-Appellee,

and

KARA ANNE SMITH, ENTERPRISE LEASING
COMPANY OF DETROIT, LLC.,

        Defendants.

UNPUBLISHED
December 06, 2024
12:03 PM

No. 367694
Wayne Circuit Court
LC No. 21-016265-NI

Before: FEENEY, P.J., and O'BRIEN and WALLACE, JJ.

PER CURIAM.

Plaintiff appeals from an order of the circuit court granting defendant's motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) on plaintiff's claims for personal insurance protection (PIP) benefits and uninsured/underinsured motorist benefits. We reverse.

At issue is plaintiff's alleged misrepresentation in her insurance application by failing to disclose that she was a co-registrant on a vehicle leased by her daughter (a 2015 Ford Fusion) and for which plaintiff co-signed the loan. The trial court granted summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) in favor of defendant Falls Lake ("defendant"), concluding that plaintiff had not established a genuine issue of material fact regarding that she failed to disclose that she was a co-registrant on her daughter's vehicle and did not establish that the daughter's vehicle was otherwise insured.

FACTS

Plaintiff alleged in her complaint that while driving her 2008 Dodge Caliber, she was injured in a traffic accident on July 10, 2021, when she was rear-ended by another vehicle.[1] Plaintiff filed her complaint on November 23, 2021. Defendant, through an agent, sent its notice of rescission on May 4, 2023. The trial court granted defendant's motion for summary disposition on August 23, 2023. The trial court explained its ruling as follows:

> THE COURT: Okay. I'm going to grant the defendant's Motion for Summary Disposition. The Court finds that the affidavit of the plaintiff asserting that her daughter, quote, "Had a policy of insurance at the time she leased", unquote, the 2015 Ford Fusion, is insufficient to establish a genuine issue of material fact under MCR 2.116(C) (10). Without proof that the 2015 Ford Fusion was, quote, "Separately insured", unquote, on the day of the accident her failure to disclose her co-registrant status on her application for insurance was a material misrepresentation that entitles Falls Lake to recission [sic—rescission] of the policy ab initio. The Court notes that the application for insurance states that it is, quote, "Unacceptable not to disclose all vehicles that you own, register, or regularly operate as they may cause a premium increase or a declination of coverage unless it is not operable for a separately insured. The disclosure of all vehicles you own, register, or regularly operate is a condition precedent to binding coverage". This Court would also note that it is undisputed that the co-registrant status that had the coregistered status of the Fusion been disclosed there would have been an increase in the policy premium for the applicable policy period of over $1000.00.

Plaintiff does not contest that she is a co-registrant of the Ford Fusion. But in her affidavit, plaintiff states that when her daughter obtained the lease on the vehicle, her daughter had her own insurance policy on the vehicle. The affidavit further states that she is not aware of the whereabouts of that vehicle and has not been in contact with her daughter "for a very long time."

ANALYSIS

We turn first to plaintiff's argument that there is a genuine issue of material fact regarding whether she made a material misrepresentation of fact in not listing her daughter's Ford Fusion on plaintiff's insurance application for her own vehicle. We agree that there exists a genuine issue of material fact and, therefore, the trial court erred in granting summary disposition.

The standard of review was summarized in *Yang v Everest Nat'l Ins Co*, 507 Mich 314, 320; 968 NW2d 390 (2021):

> We review de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(10). *Honigman Miller Schwartz & Cohn LLP v Detroit*, 505 Mich 284, 294; 952 NW2d 358 (2020). When reviewing a motion brought under MCR 2.116(C)(10), "a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted

---

[1] The alleged at-fault driver was defendant Smith. Those claims are not before the Court in this appeal. Only at issue are plaintiff's claims against defendant Falls Lake.

by the parties . . . in the light most favorable to the party opposing the motion." *Mich Ass'n of Home Builders v Troy*, 504 Mich 204, 211-212; 934 NW2d 713 (2019) (quotation marks and citations omitted). Summary disposition is appropriate when no genuine issue of material fact exists. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." Id. (quotation marks and citation omitted).

## I. MISREPRESENTATION

In *Titan Ins Co v Hyten*, 491 Mich 547, 571-572; 817 NW2dn562 (2012), our Supreme Court addressed what must be shown when an insurer seeks to rescind a no-fault policy based upon misrepresentations in the application:

> Titan alleges that Hyten's representation that no member of her household had any unlicensed drivers or any drivers with a suspended or revoked driver's license was fraudulent. To establish actionable fraud, Titan bears the burden of proving that (1) Hyten made a material misrepresentation; (2) it was false; (3) when she made it, she knew it was false, or else made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) she made it with the intention that it should be acted on by Titan; (5) Titan acted in reliance on it; and (6) Titan thereby suffered injury.

Plaintiff has established that there is a genuine issue of material fact regarding whether there was a material misrepresentation in the application. Indeed, if anything, it is defendant who has failed to create a genuine issue of material fact that plaintiff made a material representation. While there is not a large volume of facts presented thus far in this case by either side, what facts that are available tend to indicate that no misrepresentation actually occurred and, even if there were a misrepresentation, it was not material.

This case centers around plaintiff's answer of "no" to the following question in the insurance application:

> Do you own, register, or regularly operate any vehicles other than the vehicles listed on this application? (It is unacceptable to not disclose all vehicles that you own, register, or regularly operate, as they may cause a premium increase or a declination of coverage, *unless it is* a non-operable vehicle or *separately insured*. The disclosure of all vehicles you own, register or regularly operate is a condition precedent to binding coverage[.]) [Insurance Application, p 2; emphasis added.]

Defendant has supplied a computer printout that purports to be a record of a motor vehicle registration for a vehicle that plaintiff has identified as belonging to her daughter and for which plaintiff acted as a co-signer on the vehicle loan. That document, which appears to have been originally retrieved on August 25, 2021, a few weeks after the July 10, 2021 accident, identifies both plaintiff and her daughter as registrants of the vehicle. It further indicates that the license plate for the vehicle was originally issued on July 8, 2020, and the registration was renewed on

January 16, 2022. Plaintiff has submitted her affidavit stating that at the time her daughter leased the vehicle, "she had her own insurance policy for the vehicle."

Turning first to the affidavit, defendant dismisses it as merely being a "self-serving affidavit, absent some corroborating testimony or documentary evidence . . . ." Defendant relies on the opinion in *Quinto v Cross and Peters Co*, 451 Mich 358, 371-372; 547 NW2d 314 (1996), which concluded that an affidavit containing only conclusory allegations does not establish a genuine issue of material fact:

> In conclusion, we hold that once defendant supported its motion for summary disposition under MCR 2.116(C)(10) with documentary evidence, plaintiff, as the opposing party, had the duty to rebut with documentary evidence defendant's contention that no genuine issue of material fact existed. Plaintiff's affidavit did not satisfy her burden as the opposing party; rather, it constituted mere conclusory allegations and was devoid of detail that would permit the conclusion that there was such conduct or communication of a type or severity that a reasonable person could find that a hostile work environment existed.

Defendant's reliance on *Quinto* is misplaced. First, plaintiff's affidavit, while brief, did not merely state conclusory allegations. It stated as a fact that plaintiff's daughter had her own insurance policy when she leased the vehicle. While a trier of fact may or may not believe that statement, it is a factual claim, not a mere allegation.

Second, defendant seems to overlook the opening of the quotation from *Quinto* where the defendant supported its motion for summary disposition with documentary evidence. Here, defendant supplies no documentary evidence regarding the insurance status of the daughter's vehicle beyond the registration information. The registration record itself also supplies a bit of factual information regarding the insurance status of the daughter's vehicle. But it is evidence that supports *plaintiff's* position that the daughter did insure it under her own insurance policy.

The timeline here becomes important. As stated above, the original license plate on the daughter's vehicle was issued on July 8, 2020. The date on plaintiff's insurance application is November 29, 2020. The registration on the daughter's vehicle was renewed on January 16, 2021. The accident occurred on July 10, 2021, approximately six months after the registration renewal. This is relevant because a motor vehicle registration cannot be renewed without the vehicle being insured: "Every application for renewal of a motor vehicle registration shall be accompanied by proof of vehicle insurance in a form determined by the secretary of state." MCL 257.227. Of course, the fact that the vehicle must have been insured in 2020 when the license was plate issued and must have been insured in January 2021 when the registration was renewed does not conclusively establish that the vehicle was insured on the day plaintiff filled out the insurance application. But the fact that the daughter's vehicle must have been insured less than five months before plaintiff's insurance application and was insured less than two months after plaintiff's insurance application lends support to plaintiff's position that the daughter's vehicle was insured when plaintiff filed her own application for insurance with defendant.

And to return to the question in the insurance application that is supposedly the misrepresentation, it does not merely ask whether plaintiff was a registrant of another vehicle.

Rather, it asks whether she is the registrant of another vehicle that is not separately insured. To sum up what evidence is available on this point: in support of plaintiff, there is her affidavit and the conclusion of insurance status from the motor vehicle registration report supplied by defendant; the evidence in support of defendant is nothing.

In sum, while plaintiff's evidence is not overwhelming, it is still more than that presented by defendant (the party claiming the existence of a misrepresentation). While it might not be sufficient to support summary disposition in favor of plaintiff, it is sufficient to support a denial of defendant's motion for summary disposition. And, as *Titan* points out, the burden is on defendant to prove that the representation was false and that plaintiff made it knowing that it was false when she made it. At this point, defendant is unable to meet that burden. It can neither show that plaintiff made a misrepresentation nor does defendant establish how, even if there is a misrepresentation, that the misrepresentation would make it liable for an accident involving the daughter's vehicle beyond a mere conclusory claim that it does.[2]

## II. RESCISSION

Next, plaintiff argues that defendant should be estopped from rescinding the insurance policy because it did not do so until it was far into the litigation. Indeed, the rescission letter defendant's claims agent issued was not made until nearly a year and a half after plaintiff filed her complaint. But we decline to address the merits of this issue. Indeed, we need not address the issue of estoppel or the issue of whether it would be inequitable to rescind the policy in light of our decision to reverse the order granting defendant's motion for summary disposition.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.

/s/ Kathleen A. Feeney
/s/ Colleen A. O'Brien
/s/ Randy J. Wallace

---

[2] Similarly, defendant claims that it would have charged a higher premium had it know about the daughter's vehicle, but it does not explain the basis that would justify charging a higher premium (an additional $1,011). That is, it claims that it represents a higher risk, but does not go into detail as why it does. Defendant merely makes a conclusory statement that if the daughter's vehicle was not separately insured, the daughter could seek PIP benefits under plaintiff's insurance policy with defendant.